UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFFERY BENJAMIN,

                        Plaintiff,

    v.

RITCHIE ALWIN, Police Officer, #2785;
COMMAND 077 NYPD 297,

                        Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
23-CV-2645 (LDH) (RER)

JEFFERY BENJAMIN,

                        Plaintiff,

    v.

FRANCOIS GORDON, Police Officer, #9600;
COMMAND 069 NYPD,

                        Defendants.

23-CV-2648 (LDH) (RER)

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Jeffery Benjamin, proceeding *pro se*, brings these actions pursuant to 42 U.S.C. § 1983, asserting claims for false arrest, false imprisonment, and malicious prosecution. The Court consolidates these actions solely for the purpose of this Order. Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted. For the reasons discussed below, the complaints are dismissed, and Plaintiff is granted 30 days from the date of this Order to submit an amended complaint in each action.

1

**BACKGROUND**

Plaintiff alleges that he was falsely arrested on November 12, 2018, and July 1, 2019. (*See generally* Compl. 23-cv-2645, ECF No. 1; Compl. 23-cv-2648, ECF No. 1.)  Plaintiff offers no additional facts to support his claims.  He seeks monetary damages.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

2

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. Feb. 15, 2019). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 556 U.S. 678. (internal citations and alterations omitted).

Here, Plaintiff brings claims for false arrest, false imprisonment, and malicious prosecution but does not offer any facts to support those claims. Plaintiff provides only the dates of the alleged arrests, his arrest identification numbers, and New York City Police Department complaint report numbers. Nowhere in the Complaint does Plaintiff explicate the factual basis for his claims. Because Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Defendant's claims are dismissed. *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

## LEAVE TO AMEND

In light of this Court's duty to liberally construe *pro se* complaints, the Court will allow Plaintiff 30 days leave to file an Amended Complaint in each action in compliance with Rule 8(a) of the Federal Rules Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should Plaintiff elect to file amended complaints, he is informed that the complaints must state (1) whether the charges against him were dismissed, or if he was convicted of the crimes for which he was arrested, and (2) whether he has a basis for equitable tolling of the limitations period, and, if so, what that basis is.

Plaintiff must also set forth the legal basis and factual allegations in a clear and concise manner for each defendant named, and only name defendants that were personally involved. The statement of facts should include a brief description of what each defendant did or failed to do, and how those acts or omissions caused Plaintiff injury. Plaintiff must also provide the dates and locations for each relevant event.

Plaintiff must identify the defendants in both the caption and the body of the Amended Complaint. Plaintiff is advised that any Amended Complaint he elects to file will completely replace, not supplement, the original complaint. The amended complaints must each be captioned as an "Amended Complaint" and each bear the same individual docket number assigned.

## CONCLUSION

Accordingly, the complaints are dismissed. 28 U.S.C. § 1915(e)(2)(B). However, the Court grants Plaintiff leave to amend his complaint to replead his Section 1983 claims for false arrest and denial of medical care claims, within 30 days of the date of this Order. Any new complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. In the amended complaint, Plaintiff should name as proper Defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. Even if Plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, Plaintiff must describe each individual and the role they played in the alleged deprivation of his rights. Finally, Plaintiff is advised that the amended complaint will completely replace the original complaint, so Plaintiff must include in it any allegations he wishes to pursue

against proper Defendants. All further proceedings are stayed for 30 days. If Plaintiff does not file an amended complaint within 30 days, judgment shall be entered.

       The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a civil rights complaint form. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                                   SO ORDERED.

Dated: Brooklyn, New York                           /s/ LDH
       February 15, 2025                            L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                                 United States District Judge